## MATTER OF EIGHTIETH STREET.

*Supreme Court, First District; At Chambers, April,* 1863.

COMMON-LAW CERTIORARI.—REVIEWING ASSESSMENT.

Upon a common-law certiorari only the record can be the ground of proceeding ; and affidavits and other papers which may be annexed to the return, are not properly before the court.

It is not the practice to grant a certiorari to relieve against fraudulent assessments by a municipal corporation for local improvements. The injured party is left to his remedy by action.

*Certiorari* to review proceedings relative to an assessment.

The writ was addressed to the Mayor, Aldermen, and Commonalty of the city of New York, to review the proceedings relative to an assessment for regulating and grading Eightieth Street, between the Fifth Avenue and the East River, in the city of New York.

The street-commissioner advertised for proposals for the work, estimating it at 20,000 yards of rock excavation, and 8,000 yards of earth excavation. Among the bidders was one Slattery, who proposed to do the earth excavation at one dollar a yard, and the rock excavation for nothing. There were other bids, but Slattery's bid was deemed the lowest, and the contract was awarded to him. The rock excavation amounted to 8,886 yards; the earth excavation to 33,801 yards. If the work had been awarded to other bidders it would have cost $11,000. Certain of the property-owners took the present proceeding to set aside the assessment.

*John E. Parsons,* for the relators.—I. The contract was in fraud of the rights of the property holders.

II. The contract, and all proceedings based upon it, were void under the charter of 1837, as having been given to the highest, instead of the lowest bidder. (Brady *a.* The Mayor, 2 *Bosw.,* 173.)

III. To save the expense to themselves and the city of numerous suits or proceedings, in which the city would be unsuccessful, parties representing the larger part of the assessment unite in one proceeding, applying for a certiorari. Different persons properly unite in the application. (Matter of Third Avenue Assessment, INGRAHAM, J.) No relief can be granted under the act of April 17, 1838. (Matter of Duane Street, INGRAHAM, J.; Matter of Second Avenue, SUTHERLAND, J.; Miller's Case, 12 *Abbotts' Pr.*, 127; Horn's Case, *Ib.*, 134.) The court will review these proceedings by certiorari, and upon return thereto quash the assessment and all proceedings in and about it. The confirmation of the assessment was a judicial act, in this case exercised without jurisdiction on the part of the city. The Corporation has no power to impose upon property-owners a charge which could not be legally enforced by the party in whose favor it is imposed. The complainants being numerous, the court will not compel them to resort to individual actions for the recovery of amounts illegally exacted, but having, by a simple single proceeding, the matter and all the parties before it, will prevent by its action a multiplicity of suits. (Boulton *a.* City of Brooklyn, 7 *How. Pr.*, 198; People *a.* The Same, 9 *Barb.*, 535; Betts *a.* City of Williamsburgh, 15 *Ib.*, 255; Le Roy *a.* Mayor, &c., of N. Y., 20 *Johns.*, 430; Starr *a.* Trustees, &c., of Rochester, 6 *Wend.*, 265; Wilson *a.* Mayor, &c., of N. Y., 1 *Abbotts' Pr.*, 15.) 1. To drive the parties to actions at law would be oppressive, entailing great expense, and making heavy costs against the city. They are numerous: this is one proceeding, presenting conveniently what else would only be determined by many costly actions. 2. There has been no delay. 3. The parties complaining represent a large proportion of the assessment, which being fraudulent and void, should be set aside as to all affected by it. 4. The matters complained of are patent on the face of the record. 5. Vacating the confirmation permits a new assessment for any amount which might prove chargeable against the property. 6. The court should facilitate proceedings of this kind, calculated in a very simple way, without delay or expense, to upset such glaring frauds, now so prevalent.

*William C. Trull*, opposed.—I. The writ should be quashed,

out of regard to public inconvenience. (Rex·a. Ultorexeter, 2 *Strange*, 932 ; Justices of Shrewsbury, *Ib.*, 975 ; Rex a. King, 2 *Term R.*, 234 ; Lawton a. Commissioners, 2 *Cai.*, 182 ; People a. Supervisors of Alleghany, 15 *Wend.*, 198 ; People a. Supervisors of Queens, 1 *Hill*, 195 ; People a. Mayor, 2 *Ib.*, 9 ; Morris Square, *Ib.*, 15 ; Fifty-first Street, 3 *Abbotts' Pr.*, 232 ; People a. City of Rochester, 21 *Barb.*, 664 ; People a. Stillwell, 19 *N. Y.*, 531 ; Dixon a. City of Cincinnati, 14 *Ohio*, 240.)

II. The relators have a remedy in the nature of an appeal ; and where a remedy of that kind exists, a certiorari will not be granted. (*Laws of* 1841, 143 ; *Laws of* 1858, 574 ; *Davies' R. L.*, 537, § 182 ; Mount Morris Square, 2 *Hill*, 27 ; People a. Covert, 1 *Hill*, 674 ; Storm a. Odell, 2 *Wend.*, 287.)

III. The objection to the assessment is, that the contract was not given to the lowest bidder, because of collusion between the street-commissioner and the person to whom it was awarded. This objection is not available to the relators, nor has it any connection with the assessment proceedings, nor can it be considered upon certiorari. The act of 1841 furnishes an opportunity to all persons having objections to any assessment to present the same to the chairman of the board of assessors. This provision of the act of 1841 is analogous to that of the act of 1813 (*Davies' R. L.*, 537, § 182), and under that act it has been held that affidavits and objections not presented to the commissioners, could not be read or heard in opposition to a motion to confirm their report. (Matter of Harman Street, 16 *Johns.*, 231 ; Matter of John & Cherry Streets, 19 *Wend.*, 671 ; Matter of William & Anthony Streets, *Ib.*, 695.) The relators having failed to present any objections to the assessment, are estopped from questioning its regularity. (Miller's Case, 12 *Abbotts' Pr.*, 121 ; Horn's Case, *Ib.*, 124 ; Burnetts' Case, *Ib.*, 127 ; Keyser's Case, 10 *Ib.*, 481 ; Babcock's Case, 23 *How. Pr.*, 118.) The contract forms no part of the assessment proceedings. (Hay's Case, 12 *Abbotts' Pr.*, 53.)

IV. The writ removes nothing but the record of the proceedings of the tribunal whose acts are sought to be reviewed ; and the only question subject to review is, whether that tribunal has kept within the limits of its jurisdiction. (Birdsall a. Phillips, 17 *Wend.*, 464 ; Allyn a. Schodack, 19 *Ib.*, 340 ;

Mayor of Albany, 23 *Ib.*, 276; Stone *a.* Mayor, 25 *Ib.*, 167; Nichols *a.* Williams, 8 *Cow.*, 13; People *a.* Mayor, 2 *Hill*, 9; People *a.* Overseers of Barton, 6 *How. Pr.*, 25; Haviland *a.* White, 7 *Ib.*, 154; People *a.* City of Rochester, 21 *Barb.*, 665; People *a.* Goodwin, 5 *N. Y.*, 568.) The only matter in the nature of a record contained in the return, is the ordinance authorizing the work, the estimate and assessment made by the persons authorized for that purpose, and the confirmation of the assessment by the board of revision. (People *a.* Mayor, 2 *Hill*, 9.)

INGRAHAM, J.—I think there can be no doubt, from the papers annexed to the return, that a gross fraud was perpetrated on the owners of the land assessed in this case, and that the same was done with the connivance of the authorities having the direction of this matter. If the parties injured could be relieved, such relief should be afforded. But I am of the opinion that the decisions of the courts have been such as to prevent the relief sought in this form of proceeding :

1. Because on the common-law certiorari only the record can be the ground of proceeding, and the affidavits and other papers annexed to the return are not properly before the court.

2. Because the cause of decision in the courts has been to deny relief upon certiorari to review assessments for local improvements, leaving the party to his more appropriate remedy by action for the injury.

I should not adopt this rule if I was not controlled by the decisions. It leads to a much speedier remedy to proceed by certiorari, and prevents a multiplicity of action. If however the contrary rule is adopted, it had better be by the general term on appeal, than by a single judge at special term.

I suppose the parties aggrieved may have relief from the fraud in an equitable action, in which all the matters can be fully examined.

For these reasons I think the application must be denied.

No costs are awarded to either party.